■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. STEPHEN ASHLEY, Appellant.— Judgment of the County Court, Nassau County, rendered April 29, 1969, affirmed. (People v. Fooks [People v. Nixon], 21 N Y 2d 338.) Christ, Acting P. J., Rabin, Benjamin, Martuscello and Kleinfeld, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SYLVESTER CHOLMONDELEY, Appellant.— Order of the Supreme Court, Queens County, dated September 20, 1968, denying a motion by defendant which said court treated as an application for coram nobis relief, affirmed. No opinion. Appeal from order of the same court dated September 20, 1968, dismissing defendant's motion "for a certificate of probable cause", etc., dismissed. No appeal lies from such an order (see Code Crim. Pro., § 517). However, we have examined the merits of this appeal and, if the order were appealable, we would have affirmed it. Judgment of the same court, rendered September 20, 1968 on resentence, affirmed. No opinion. Christ, Acting P. J., Benjamin, Munder, Martuscello and Kleinfeld, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MAJOR HARDEN, Also Known as MAJOR BROWN, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Suffolk County, rendered April 11, 1969, resentencing him, upon a jury verdict convicting him of rape in the first degree, to an indeterminate term of imprisonment of one day to life. Judgment affirmed. In our opinion the psychiatric report and the hearings held in connection therewith fully satisfied the requirements of section 2189-a of the former Penal Law (see People v. Bailey, 21 N Y 2d 588; People v. McCraw, 33 A D 2d 577). Beldock, P. J., Christ, Benjamin, Munder and Martuscello, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CLARENCE NEWTON, Appellant.— In a coram nobis proceeding, defendant appeals from an order of the Supreme Court, Kings County, dated January 23, 1968, which, after a hearing, denied the application. Order reversed, on the law and the facts, and case remitted to the Criminal Term with the direction that defendant be resentenced nunc pro tunc as of February 24, 1954. We agree with the District Attorney that under the broad concept enunciated in People v. Montgomery (24 N Y 2d 130) and People v. Callaway (24 N Y 2d 127) defendant should be resentenced to enable him to prosecute an appeal from the judgment of conviction. Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANTHONY CALABRO, Appellant, v. WALTER FLOOD, as Warden of the Nassau County Jail, Respondent.— In a habeas corpus proceeding, relator appeals from a judgment of the Supreme Court, Nassau County, entered December 18, 1969, which dismissed the proceeding. Judgment reversed, on the law and the facts, without costs, and writ sustained to the extent that the amount of relator's bail is reduced from $50,000 to $15,000. In our opinion, the amount of bail fixed by the County Court, Nassau County, is excessive to the extent indicated herein. Hopkins, Acting P. J., Munder, Kleinfeld, Brennan and Benjamin, JJ., concur.